**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1603

BIRIKTY KEBEDE KEFLU,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A98-317-936)

Submitted: November 20, 2006          Decided: February 6, 2007

Before MICHAEL and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Rev. Uduak J. Ubom, UBOM LAW GROUP, PLLC, Washington, D.C., for Petitioner. Peter D. Keisler, Assistant Attorney General, Carol Federighi, Ian R. Conner, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Birikty Kebede Keflu, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' ("Board") order dismissing her appeal from the immigration judge's order denying her applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT"). Keflu claims she is eligible for asylum and the immigration judge's decision was not supported by the evidence.[*] We deny the petition for review.

The Immigration and Naturalization Act (INA) authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). The INA defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds . . . ." Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted). An applicant can establish refugee status based on past persecution in her native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1)

---

[*]Keflu does not challenge the denial of withholding of removal or withholding under the CAT.

(2006).  Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

An applicant has the burden of demonstrating her eligibility for asylum.  8 C.F.R. § 1208.13(a) (2006); Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006).  A determination regarding eligibility for asylum is affirmed if supported by substantial evidence on the record considered as a whole.  INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).  This court will reverse the Board "only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."  Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted).

We find Keflu failed to show she was persecuted on account of a protected ground or because of an imputed political opinion.  We further find the evidence was not so compelling as to warrant a different result.  Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED